Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | ) | |
|---|---|---|
| | ) | Case No._____ |
| | ) | |
| | ) | APPLICATION TO EMPLOY |
| | ) | BROKER, **AND ORDER THEREON** |
| Debtor(s) | ) | |

    The undersigned trustee applies to employ _____, a licensed real estate or other broker, whose address is _____, to sell the following estate property under an exclusive listing or other agreement:

    The terms of employment and compensation are customary in this marketplace for this type of sale and are as shown in the <u>attached listing or other agreement</u>. In general terms, the proposed compensation is as follows: _____.

    To the best of the trustee's knowledge said broker has no connections with the entities listed in the verification below, except as described therein.

DATE: _____

_____
Trustee

I, the broker named above, verify that neither I nor my company has any connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

_____
Applicant/Relation to Company

**IT IS ORDERED** that employment of the above-named broker is authorized and the trustee is authorized to compensate said broker <u>within the above terms</u> without further court order unless an interested party files a timely objection to the notice of sale and proposed compensation.

**IT IS FURTHER ORDERED** that any proposed sale of the listed asset and broker compensation is subject to bankruptcy court approval if timely objections are filed, any arbitration or mediation provision in the attached agreement is without effect, and all issues regarding the employment relationship or the interpretation of the attached agreement are subject to the exclusive jurisdiction of the bankruptcy court.

###

## ADDENDUM TO LISTING AGREEMENT

This Addendum is made to that Listing Agreement between Vanesa Pancic, in her capacity as bankruptcy trustee for the bankruptcy estate Dawn Marie Treat, Case No. 19-63297-DWH7, Vanesa Pancic, ("Trustee") and Igor Masic ("Broker"). The remaining terms of the Listing Agreement remain in full force and effect provided they do not conflict with the terms stated below, and this Addendum applies to any modifications, renewals or extensions of this Listing Agreement.

The Seller is Vanesa Pancic, as Trustee for the Bankruptcy estate of Dawn Marie Treat ,
 Case No. 19-63297-DWH7
Broker Commission will be six percent (6%).

- Broker understands and acknowledges that all offers will be subject to Trustee (a) providing adequate notice of a sale in the United States Bankruptcy Court, District of Oregon, Case No. 19-63297-DWH7 pursuant to the bankruptcy code and receiving no timely objections, or (b) obtaining a court order approving a Sale. No commission shall be due until (2) (a) or (b) are satisfied, in addition to all other terms of the Listing Agreement and this Addendum.

- Broker understands and acknowledges that all offers are subject to overbid by third parties and that any commission which may be due under any sale transaction is subject to Bankruptcy Court approval.

- Title shall be conveyed by Trustee's Deed, with no representations or warranties, expressed or implied as to the condition of title or property improvements. There may exist liens or encumbrances against the property which are in default.

- Any and all purchasers of the Property ("Purchaser") will accept the land, buildings, improvements and all other aspects of the Property in their present conditions **AS IS**, including latent defects, the environmental conditions present on the premises, or any other matter affecting or relating to the physical condition of the Property, without any representations or warranties, express or implied, unless they are set forth expressly herein. Purchaser will expressly waive any and all claims growing or arising out of any representations or warranties with regard to the Property.

- The United States Bankruptcy Court shall have sole jurisdiction for any and all dispute resolutions pertaining to this transaction, and any reference to mediation or arbitration are hereby void.

Date: 12-05-2019

Seller:

By: /s/ Vanesa Pancic,
 Vanesa Pancic, Trustee

For the estate of:

Dawn Marie Treat

Bankruptcy Case No. 19-63297-DWH7

Broker: Igor MASIC

/s/ Igor Masic
Mapa Realty NW

PROPERTY ADDRESS: <u>3125 Felina Ave NE</u> CITY, STATE <u>Salem</u> OR

1. **AGENCY.** Seller has received and read a copy of the Initial Agency Disclosure Pamphlet. SELLER authorizes BROKER's FIRM to appoint BROKER to act as SELLER's listing BROKER. It is understood and agreed that this Agreement creates an agency relationship with BROKER and BROKER's FIRM only, not with any other brokers of BROKER's FIRM. Any broker other than BROKER who procures a prospective buyer for the Property will not be representing SELLER and may represent a buyer.

2. **EXCLUSIVE RIGHT TO SELL.** In consideration for the services to be rendered by the undersigned BROKER's FIRM, the undersigned SELLER hereby grants to BROKER's FIRM the exclusive right to sell the property located at the address set forth above and more particularly described on the RMLS™ Listing Data Input Form hereto attached (the "Property").

This listing is:

   **x** AN ACTIVE LISTING (ACT). Date marketing to begin is <u>December 12</u>, <u>2019</u>, which will be the List Date published in RMLS™. No marketing may occur before such date.

   ____ COMING SOON-NO SHOWING LISTING (CSN). Will automatically convert to ACT on first date for showing and Date marketing to begin on _____, _____ (not more than 21 days from date of this Agreement). Property will be shown in RMLS™ as CSN status and is subject to certain marketing restrictions, as provided in the RMLS™ Rules and Regulations, including a prohibition against any showings and Internet advertising. A sign and flyer including the phrase "Coming Soon" may be placed on the Property.

   ____ EXCLUDED FROM MLS. The Property will not be submitted to, or published in, RMLS™. The Authorization to Exclude from MLS Addendum must be completed and submitted to RMLS™.

For purposes of this Section, marketing includes, but is not limited to, placing any yard sign, social media or internet exposure, publication in RMLS™, broker tours, showings and direct marketing to any other real estate professionals or consumers. SELLER further allows BROKER's FIRM a reasonable time after termination or expiration of this Agreement to close any transaction on which earnest money, has been paid, or a promissory note for earnest money has been tendered. No extension or renewal of this Agreement shall be effective unless it is in writing signed by SELLER and BROKER's FIRM.

3. **LIST PRICE.** List Price $ <u>245,000.00</u>.

4. **TERM.** This Agreement is effective when signed, and shall terminate at 11:59 p.m. on <u>December 31</u>, <u>2020</u>.

5. **BROKERAGE FEE.** SELLER shall pay a brokerage fee as set forth in Section 8 below in an amount equal to <u>6.000</u> % of the selling price or option exercise price of the Property or $ _____. SELLER hereby irrevocably assigns to BROKER's FIRM the proceeds of such transaction to the extent of BROKER's FIRM'S fee and irrevocably instructs the escrow agent, if any, to pay BROKER's FIRM'S fee at closing out of such proceeds.

6. **DISBURSEMENT.** In the event of forfeiture of earnest money for any transaction relating to this Agreement, the earnest money shall be disbursed as follows: SELLER <u>100.000</u> % BROKER's FIRM _____ % OR (check if applicable) ☐ to BROKER's FIRM to the extent of the brokerage fee, with balance to SELLER. SELLERS' Initials _____/_____

7. **INSUFFICIENT PROCEEDS.** If the proceeds from the sale of the Property are insufficient to cover costs at closing, SELLER acknowledges that the decision by any beneficiary or mortgagee, or its assignees, to release its interest in the Property for less than the amount owed, does not automatically relieve SELLER of the obligation to pay any debt or costs remaining at closing, including fees such as the BROKER's FIRM's commission.

Sellers' Initials _____

© RMLS™ 2018. ALL RIGHTS RESERVED.

Mapa Realty NW, 393 N State Street Lake Oswego OR 97034
Phone: 5037805011   Fax:            Igor Masic
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

3125 Felina Ave NE

44 **8. RIGHT TO COMPENSATION.** In consideration for the services herein described, SELLER shall pay
45 BROKER's FIRM the brokerage fee set forth in Section 5 above if BROKER's FIRM or any cooperating
46 broker, including, but not limited to, a buyer's broker:
47   (a) finds a buyer ready, willing, and able to purchase the Property for the price and terms set forth
48   in the attached RMLS™ Listing Data Input Form or such other price and terms as SELLER may
49   accept; or
50   (b) places SELLER in contact with a person to whom SELLER sells the Property during the term
51   of this Agreement or within _____Forty-Five_____ 45 ) days after
52   termination of this Agreement.
53   In any event, SELLER shall pay the sum set forth in Section 5 above to BROKER's FIRM if SELLER
54 cancels the authority hereby given or if SELLER sells or agrees to sell the Property during the term of this
55 Agreement or any extension or renewal hereof. Section 8 (b) above shall not apply if, following the
56 termination of this Agreement, SELLER lists the Property for sale with another duly licensed real estate
57 broker and if the application of such section(s) would result in SELLER's liability for more than one
58 brokerage fee. The term "sale" shall include any exchange or trade to which SELLER consents. In the event
59 of an exchange, trade or lease option, BROKER's FIRM is permitted to represent and receive compensation
60 from both parties.
61 **9. SERVICES; AUTHORITY.** BROKER's FIRM will market the Property, and in connection therewith,
62 SELLER hereby authorizes BROKER's FIRM to do the following: (a) place a "for sale" sign on the
63 Property and to remove all other similar signs; (b) turn on, or leave on, all utilities serving the Property and
64 authorize utility providers to do so in order to show the Property, all at SELLER'S expense; (c) obtain and
65 disclose any information pertaining to any present encumbrance on the Property; (d) if authorized pursuant
66 to Section 10 below, obtain a key to the Property and place such key in a lock box on the exterior of the
67 Property, with recognition that SELLER bears any risk of loss or damage associated with the use of such
68 lock box (SELLER should consult SELLER'S homeowner's insurance policy to determine coverage); (e)
69 have access to Property for purposes of showing it to prospective buyers at any reasonable hour; (f) place
70 information regarding this listing and the Property in the RMLS™; (g) accept deposits on SELLER'S
71 behalf. BROKER's FIRM is authorized to cooperate with other brokers and to share with such other
72 brokers any commissions or compensation payable under this Agreement; and (h) communicate with
73 SELLER by telephone, facsimile, e-mail, and /or other electronic means even after the term of this
74 Agreement. SELLER hereby authorizes RMLS™ to use, relicense, repurpose, display and otherwise deal
75 with photos and data regarding the Property, without compensation to the SELLER. Such authority shall
76 survive expiration or termination of this Agreement. Tenant occupancy - if tenant(s) occupies property, and
77 authority from the tenant(s) is required for BROKER's FIRM to do any of the items listed in Section 9,
78 SELLER shall obtain such authority from tenant(s).
79 **10. LOCKBOX.** SELLER ☒ does ☐ does not (check one) authorize BROKER's FIRM to place a lockbox
80 on the Property.
81 **11. INTERNET.** SELLER ☒ does ☐ does not (check one) authorize BROKER's FIRM to advertise the
82 Property on the Internet.
83 **12. INDEMNITY.** SELLER shall defend, indemnify and hold harmless BROKER's FIRM, its licensees
84 and any cooperating broker and its licensees from any liability, claims, damages, causes of action or suits
85 arising out of, or relating to any breach of the representations and warranties set forth herein or in any
86 agreement for the sale of the Property, and from the failure to disclose any material information to
87 BROKER's FIRM relating to the Property.

Sellers' Initials _____

© RMLS™ 2018. ALL RIGHTS RESERVED.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com   3125 Felina Ave

88 **13. ATTORNEYS' FEES.** If BROKER's FIRM or any cooperating broker refers this Agreement to an
89 attorney for collection of the compensation due hereunder, SELLER shall pay the costs and reasonable
90 attorneys' fees of BROKER's FIRM or any cooperating broker regardless of whether mediation is conducted
91 or arbitration or litigation is filed. If mediation is conducted or if arbitration or litigation is filed in
92 connection with any dispute relating to this Agreement, the prevailing party shall be entitled to its attorneys'
93 fees and costs in connection with such mediation, arbitration or litigation, and in any appeal therefrom and
94 enforcement thereof.

95 **14. DISPUTE RESOLUTION.** SELLER and BROKER's FIRM, including the licensees of each, if any,
96 agree that all claims, controversies or disputes, including those for recission (hereinafter collectively referred
97 to as "Claims"), relating directly or indirectly to this Agreement, shall be resolved in accordance with the
98 procedures set forth herein which shall expressly survive closing. Provided, however, the following matters
99 shall not constitute Claims: (a) any proceeding to collect, interpret or enforce any mortgage, trust deed, land
100 sale contract, or recorded construction lien; (b) a forcible entry and detainer action; (c) any dispute between
101 REALTORS® which is subject to the Professional Standards Arbitration provisions of the National
102 Association of REALTORS®. The filing of a notice of pending action ("*lis pendens*") or the application to
103 any court for the issuance of any provisional process or similar remedy described in the Oregon or Federal
104 Rules of Civil Procedure shall not constitute a waiver of the right or duty to use the procedures specified
105 below.

106     Notwithstanding the following provisions, SELLER, BROKER's FIRM and the licensees, if any,
107 mutually agree that all Claims within the jurisdiction of the Small Claims Court shall be brought and decided
108 there, in lieu of mediation, arbitration or litigation in any other court of law.

109     If SELLER was represented in this transaction by a licensee who was then a member of the National
110 Association of REALTORS®, all claims shall be submitted to mediation in accordance with the procedures
111 of the Home Seller/Home Buyer Dispute Resolution System of the National Association of REALTORS®
112 or other organization-adopted mediation program (collectively the "System"). Provided, however, if the
113 System is not then available through the licensees' Association of REALTORS®, then the SELLER,
114 BROKER's FIRM and/or licensees shall not be required to engage in mediation.

115     All claims that have not been resolved by mediation, or otherwise, shall be submitted to final and
116 binding private arbitration in accordance with Oregon Laws. Filing for arbitration shall be treated the same
117 as filing in court for purposes of meeting any applicable statutes of limitation or for purposes of filing a *lis*
118 *pendens*. SELLER, BROKER's FIRM and/or their licensees may use any professional arbitration company
119 which provides such service to the county where the Property is located, as selected by the party first filing
120 for arbitration. Provided, however, if no arbitration company has available services when the Claim arose,
121 neither SELLER, BROKER's FIRM, nor their respective licensees, if any, shall be required to participate in
122 arbitration.

123     BY CONSENTING TO THIS PROVISION YOU ARE AGREEING THAT DISPUTES ARISING
124 UNDER THIS AGREEMENT SHALL BE HEARD AND DECIDED BY ONE OR MORE NEUTRAL
125 ARBITRATORS AND YOU ARE GIVING UP THE RIGHT TO HAVE THE MATTER TRIED BY A
126 JUDGE OR JURY. THE RIGHT TO APPEAL AN ARBITRATION DECISION IS LIMITED UNDER
127 OREGON LAW.

128 **15. COMPLIANCE WITH LAW.** SELLER shall comply with all laws relating to the Property and the
129 sale thereof, including without limitation, the obligation to offer the Property for sale to any person without
130 regard to race, color, religion, gender, disability, marital status, familial status, sexual orientation, gender
131 identity, legal source of income, domestic violence victim or national origin.

Sellers' Initials _____

132 **16. SELLER's PROPERTY DISCLOSURE STATEMENT.** As required by Oregon law, SELLER will
133 complete the Seller's Property Disclosure Statement accurately based upon SELLER's personal knowledge
134 and information. BROKER's FIRM has not made any statement, representation, warranty, investigation, test
135 or other inquiry into the accuracy or adequacy of SELLER's disclosures. SELLER hereby authorizes
136 BROKER to: (a) deliver a copy of such Disclosure Statement to any prospective Buyer; and (b) rely solely
137 upon SELLER'S representations set forth in this Agreement and in the Disclosure Statement without further
138 inquiry or diligence on BROKER'S part.
139 **17. REQUIRED DETECTORS.** Oregon Real Estate laws require SELLER to install an approved SMOKE
140 DETECTOR(s) and approved CARBON MONOXIDE DETECTOR(s) in the building(s) located on the
141 Property. SELLER will install approved smoke detector(s) and approved carbon monoxide detector(s) in the
142 building(s) located on the Property, as required by law.
143 **18. SELLER'S REPRESENTATIONS AND WARRANTIES.** SELLER hereby represents and warrants
144 to BROKER's FIRM: (a) that the undersigned SELLER has full authority to enter into this Agreement and to
145 convey marketable title to the Property to a buyer; (b) the information on the attached Listing Data Input
146 Form is correct and complete; and (c) as of the date(s) of the closing of the sale of the Property and transfer
147 of possession, all aspects of the Property will be in substantially their present condition and free of material
148 defects, except as disclosed in the sale agreement or Seller's Property Disclosure Statement.
149 **19. FIRPTA.** In general, the sale or other disposition of a U.S. real property interest by a foreign person
150 is subject to income tax withholding under the Foreign Investment in Real Property Tax Act of 1980
151 (FIRPTA). A "foreign person" includes a non-resident alien individual, foreign corporation, foreign
152 partnership, foreign trust and foreign estate. If FIRPTA applies, the buyer or other qualified substitute may
153 be legally required to withhold this tax at closing. In order to avoid closing delays, SELLER is requested to
154 initial one of the two statements:
155 ___[initialed]___/_____ SELLER warrants and represents to BROKER and BROKER's FIRM that
156 SELLER is **not** a foreign person under FIRPTA.
157 _____/_____ SELLER **is** a foreign person under FIRPTA.
158 **20. ADDITIONAL PROVISIONS.** _____
159 _____
160 _____
161 _____
162 **21. MODIFICATION.** No provision of this Agreement, including, without limitation, the amount of the
163 brokerage fee set forth in Section 5, may be modified except in writing signed by SELLER and by
164 BROKER's FIRM.

FIRM NAME **MAPA REALTY NW**

BROKER (printed) **Igor Masic**
BROKER Signature _Igor Masic_
Date of BROKER'S Signature **December 5, 2019**
Phone **(503) 780-5011**
Email **MAPAREALTYNW@GMAIL.COM**
BROKER'S License # **201208517**

© RMLS™ 2018. ALL RIGHTS RESERVED.                    Sellers' Initials ____/____

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          3125 Felina Ave

**PROPERTY ADDRESS:** 3125 Felina Ave NE  **CITY, STATE** Salem   OR

BROKER'S FIRM - PRINCIPAL BROKER (printed) **IGOR MASIC**
BROKER'S FIRM - PRINCIPAL BROKER Signature _Igor MASIC_
Date of BROKER'S FIRM - PRINCIPAL BROKER'S Signature _12-5-19_
Phone **(503) 780-5011**
BROKERAGE License # **201224356**

**SELLER(S):**
SELLER (printed) **Vanesa Pancic, Trustee**
SELLER Signature _[signature]_
Date of SELLER'S Signature _12-5-19_
Address **P.O. BOX 280**
Address _____
City **Wilsonville**   State **OR**   Zip **97070**
Phone (w) _____
Phone (h) **(503) 729-8676**
Email **pancictrustee@comcast.net**

SELLER (printed) _____
SELLER Signature _____
Date of SELLER'S Signature _____
Address _____
Address _____
City _____ State _____ Zip _____
Phone (w) _____
Phone (h) _____
Email _____

If legal representative or attorney-in-fact state capacity and name of real party in interest
Name _____

Capacity _____
On Behalf of _____

© RMLS™ 2018. ALL RIGHTS RESERVED.

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Sellers' Initials [initials]

3125 Felina Ave